UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V. FARNSWORTH, ) | |
| ) | |
| Plaintiff, ) | Case No. C07-5035RBL/KLS |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | **NOTED FOR:** |
| PIERCE COUNTY JAIL, *et al.*, ) | **JUNE 15, 2007** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis*. (Dkt. #1). Plaintiff is incarcerated in the Monroe Correctional Complex in Monroe, Washington. Plaintiff's complaint challenges the policies of the Washington State Department of Corrections that limits legal materials and the amount of postage allocated to indigent inmates. Plaintiff alleges that these limits have interfered with his right of access to the courts. (Proposed Complaint at 2-3). He does not allege that he is in imminent danger of serious physical injury.

REPORT & RECOMMENDATION - 1

1    Plaintiff submitted the instant complaint without using the form designed for plaintiffs who
2    bring actions *pro se* under 42 U.S.C. § 1983.  Therefore, he does not answer one of the questions on
3    the form which asks plaintiffs to state how many other lawsuits they have brought in federal court.
4    The court's own research reveals that Plaintiff has brought at least twenty other lawsuits in federal
5    court.  (*See* Dkt. #43 in *Farnsworth v. Pierce County Sheriff, et al.*, Case No. C04-5780-RBL-JKA).
6    At least three of these lawsuits have been dismissed as frivolous, malicious, or for failure to state a
7    claim.  *See Farnsworth v. Carter*, Case No. C05-5139-FDB (W.D. Wash.); *Farnsworth v. Pierce*
8    *County, et al.*, Case No. C05-5177-RBL (W.D. Wash.); *Farnsworth v. Glad, et al.*, Case No. C94-
9    774 (C.D. Utah).  *See also* Dkt. #43 in *Farnsworth v. Pierce County Sheriff, et al.*, Case No. C04-
10   5780-RBL-JKA (W.D. Wash.)

11   On March 14, 2007, the Clerk of Court received a letter from Plaintiff inquiring whether he
12   could simply pay the filing fee rather than proceed *in forma pauperis*. (Dkt. # 3). Plaintiff also inquired
13   about the time required to effect service of process and whether service by the U.S. Marshal is
14   included in the payment of the initial filing fee.  The Court advised Plaintiff that because he already has
15   at least three prior civil actions that have been dismissed as frivolous or for failure to state a claim
16   pursuant to 28 U.S.C. § 1915(e)(2), the Court would recommend that application to proceed *in forma*
17   *pauperis* be denied under 28 U.S.C. § 1915 (g), unless he paid the required filing fee of $350.00 on or
18   before April 30, 2007.  (Dkt. # 4).  On March 30, 2007, Plaintiff filed his response to the Court's
19   Order to Show Cause, arguing that two of the cases cited by the Court were not subject to strikes
20   under 28 U.S.C. § 1915(g) and therefore, his application to proceed *in forma pauperis* should be
21   granted.   Plaintiff also complains that the undersigned did not provide Plaintiff with copies of the
22   cases cited in the Order to Show Cause.

23   Section 1915(g) of Title 28 of the United States Code provides that a prisoner may not
24   proceed *in forma pauperis* "if the prisoner has, on three or more prior occasions . . . brought an action

25   REPORT & RECOMMENDATION - 2

1 . . . that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim . . .
2 unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). This
3 statutory cap on the number of frivolous actions a prisoner may bring as a pauper has been held to
4 apply to claims dismissed both *before* and after April 26, 1996, the statute's effective date. *See*
5 *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

## **CONCLUSION**

Because Plaintiff already has at least three prior civil actions that have been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), the undersigned recommends the Court deny his application to proceed *in forma pauperis* in this case under 28 U.S.C. § 1915 (g). Accordingly, the undersigned also recommends the Court dismiss Plaintiff's complaint unless he pays the required $350.00 filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 15, 2007,** as noted in the caption.

DATED this 11th day of May, 2007.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT & RECOMMENDATION - 3